### (December 14, 1972)

In the Matter of JACOB L. WILDOVE, an Attorney, Respondent. NEW YORK STATE BAR ASSOCIATION, Petitioner.— Respondent was admitted to the Bar by this court on September 24, 1941. The petition in this disciplinary proceeding sets forth three charges of professional misconduct. Charge I alleges that respondent, after being retained to recover damages for personal injuries sustained as the result of an automobile accident, neglected the action and permitted the action to become barred by the Statute of Limitations. Charge II alleges that respondent failed to co-operate with investigations of a complaint pertaining thereto by the Committee on Grievances of the Schoharie County Bar Association and the Grievance Committee of the New York State Bar Association. Charge III alleges that respondent, after being retained in July, 1963 by an elderly widow to represent the estate of her deceased husband, neglected the estate, failed and neglected to wind up its affairs despite repeated promises that he would do so, ignored numerous directions from this court concerning the estate and failed to co-operate with the court's requests to administer and settle the estate. Respondent admits that he neglected the personal injury claim and permitted the Statute of Limitations to run as alleged in Charge I; denies that he misled his client; and alleges that after the Statute of Limitations had run, he settled his client's claim by payment of $1,000, for which she executed a general release. In essence, respondent's answer also admits the allegations set forth in Charge II concerning his failure to co-operate with the investigations of the grievance committees. As to Charge III, respondent admits delay in settling the estate but denies that he neglected its affairs. In addition, respondent denies that he ignored numerous directions from the court concerning the estate or failed to co-operate with the court's requests to settle the estate. However, he admits that he did make promises on different occasions to the court that he would take certain steps, within prescribed periods

of time, to settle the estate, which thereafter he allegedly was unable to do. After setting up in his answer an affirmative defense in justification and in mitigation of the delays, respondent requested that the court determine the charges against him on the record before it and, in the event it was determined that he is guilty of professional misconduct, respondent requested, and has been afforded, a hearing on the question of punishment. With respect to Charges I and II, inasmuch as petitioner's Grievance Committee, at the conclusion of its investigation, issued a letter of admonition to respondent in lieu of presenting formal charges, we determine that those charges should not be pressed at this time and, therefore, dismiss them. We note, however, that such information as to the similar disposition of prior complaints of professional misconduct is always relevant and material on the question of the degree of punishment warranted for subsequent misbehavior. With respect to Charge III, we find that respondent neglected the estate in question and failed to co-operate with the court's directions to promptly settle its affairs. The first complaint concerning respondent's delay in this matter was received by the court in January, 1966. At that time complainant was 74 years of age. On March 30, 1966 respondent appeared before a member of the court and gave his assurances that he would obtain judicial settlement of the estate within the next two months. After he failed to do so and a further complaint was received from the widow, respondent advised the court on June 28 that he believed a final account could be filed during the month of July. Thereafter the matter was referred to the Schoharie County Bar Association which reported on July 13 that respondent had advised that arrangements were being made to sell the securities owned by the decedent; that he would go over the matter in detail with the widow's daughter, who resided in California and was expected to arrive on August 18; and that the widow had consented to these arrangements. At the court's request, the widow thereafter advised that the delay until August, 1966 was satisfactory. In February, 1967 the widow again complained that her husband's estate had not been settled. An attorney appointed to investigate respondent's conduct reported in April that his investigation failed to indicate any shortage of assets or any impropriety except that respondent had been lax and dilatory. In a supplemental report, the attorney advised that final settlement of the estate and distribution of the assets were being deferred with the widow's consent until after her daughter, who desired distribution of certain stock in kind, returned from a trip in mid-May. On February 3, 1968, after a further complaint from the widow, respondent advised that the estate consisted mainly of various issues of stock, most of which had been sold; that he would file a petition for final settlement of the estate prior to the end of the month, provided he obtained tax waivers on two blocks of foreign securities; and that if he was unable to obtain the waivers, he would file a petition for partial settlement and distribution and then file a supplementary account at a later date. On March 15, 1968 respondent filed a copy of the widow's account and petition for partial judicial settlement and advised that he would apply to the Surrogate for a decree of final distribution and settlement as soon as he received the tax waivers on the two blocks of foreign securities. In January, 1970 the widow again complained that respondent had not completed the administration of the estate. Respondent advised on February 18 that the delay was attributable to the lack of tax waivers on the foreign issues, but that he was preparing a supplemental account for final distribution. On April 2 he was requested to file a copy of the supplemental account and petition for final judicial settlement not later than April 10. On April 11 he advised that it had not been possible for him to comply, but he expected that

he could file by April 17. He failed to do so and on May 22 was directed to appear before the court to explain his conduct. He appeared on July 8 and was directed to complete the estate. And on July 22, 1970, seven years after he was retained and more than four years after this court received the first complaint concerning his delay in administering the estate, a decree of final judicial settlement was entered. Accordingly, we find respondent guilty of professional misconduct as to Charge III. In mitigation, respondent urges, among other things, that the estate suffered no pecuniary loss, since its assets consisted mainly of securities which continued to appreciate in value. While this is true, nevertheless the inordinate and inexcusable delay which took place in administering this estate, which for all practical purposes, did not present any difficult or complex problems, cannot be disregarded. Under all the circumstances, we determine that censure is the appropriate measure of discipline. Respondent censured; order filed. Herlihy, P. J., Cooke, Sweeney, Simons and Reynolds. JJ., concur.