In the Matter of MURRAY GLANTZ, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, January 15, 1976

*John G. Bonomi* of counsel *(Daniel J. Bloom* with him on the brief), for petitioner.

*William B. Jacobs* for respondent.

*Per Curiam.* Respondent was admitted to the New York Bar in 1956. There were two charges leveled against him, both alleging failure to diligently prosecute claims of two separate individuals.

As to the first charge, respondent was forwarded the personal injury claim of one Carole Farr for prosecution. This action, after being commenced on Ms. Farr's behalf by respondent was dismissed by order of the United States District Court for the Southern District of New York entered on or about July 2, 1963 for failure to prosecute. Such dismissal occurred as a consequence of respondent's failure to appear or otherwise submit papers in opposition on the return date of the defendant's motion to dismiss. Respondent is charged with having failed to take steps to restore this matter to the calendar or to promptly advise the forwarding attorneys or the client of the dismissal of the complaint. Scrutiny of the record of the proceedings before the Referee does not support the Referee's conclusion that this charge is not sustained. Upon being apprised of the dismissal, the forwarding attorneys requested return of the file from respondent and upon obtaining same, instituted a motion on their client's behalf to be relieved of the default. This motion, made approximately one year and four months after entry of the dismissal order, was denied as violative of subdivision (b) of rule 60 of the Federal Rules of Civil Procedure which requires such motion to be made "not more than one year after the judgment, order, or proceeding was entered or taken." Patently, on the record herein, from the time of entry of the dismissal order on July 2, 1963 until at least the beginning of 1964, respondent failed to take any steps to restore this matter to the calendar or to advise the forwarding attorneys or Ms. Farr of the dismissal. The possibility that the forwarding attorneys did not expeditiously act upon receipt of the file to initiate a motion to vacate the default, even if proved, may not serve to alter or negate the respondent's neglect. We accordingly disaffirm the report of the Referee insofar as this charge is concerned and find that such charge has been sustained.

The Referee found as to the second charge involving a Mr. William Robinson, that the culpability of respondent was not of such a degree as to sustain the charge and we concur in

that conclusion. Accordingly, we confirm his report in this respect. It is also noted that respondent has a history of previous letters of admonition issued by the Grievance Committee in lieu of presenting formal charges. As to these circumstances, it is noted in *Matter of Wildove v New York State Bar Assn.* (40 AD2d 1042, 1043 [3d Dept, 1972]) "that such information as to the similar disposition of prior complaints of professional misconduct is always relevant and material on the question of the degree of punishment warranted for subsequent misbehavior." The fact that attention is properly called by petitioner to such prior discipline may not serve as the predicate for granting respondent's request to transfer this matter to another department on the ground of prejudice. Consideration of all relevant circumstances warrants concluding that a suspension from practice for a period of three months is sufficient punishment. We therefore deem it appropriate that respondent should be suspended for a period of three months.

KUPFERMAN, J. P., MURPHY, LUPIANO, CAPOZZOLI and LANE, JJ., concur.

Respondent suspended from practice as an attorney and counselor at law in the State of New York for a period of three months, effective February 16, 1976.