## THIRD DEPARTMENT, JULY, 1979

### (July 2, 1979)

█ In the Matter of JACOB L. WILDOVE, Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.— Respondent was admitted to the Bar by this court on September 24, 1941. Petitioner moves to confirm in part and to disaffirm in part the report of the Referee to whom the issues in this proceeding were referred. Respondent cross-moves to confirm the findings which are favorable and to disaffirm those which are unfavorable. The petition contains six charges of professional misconduct. The Referee sustained three of the charges, finding that respondent neglected the Truax estate (charge No. 3) and the Scott estate (charge No. 4), and failed to co-operate with petitioner and its predecessor in their inquiries into respondent's handling of both estates (charge No. 6). The record supports and we confirm the Referee's findings as to each charge. In mitigation, we note that in both estates the majority of the assets were promptly distributed to the beneficiaries and that ultimately no one suffered any financial loss as the result of respondent's neglect. The Referee refused to sustain the charge that respondent misled and deceived the executors of the Scott estate (charge No. 5). This finding is not challenged by petitioner. However, petitioner does challenge the Referee's refusal to sustain the charges that respondent neglected the Lawless estates (charge No. 1) and failed to co-operate with petitioner's predecessor in its inquiry into respondent's conduct with respect to the estates (charge No. 2). We agree with the Referee's refusal to sustain the failure to co-operate charge. However, we are unable to accept his determination as to charge No. 1. In our view respondent neglected the estates by failing to file or to obtain an extension to file either Federal or New York State estate tax returns in the estate of John A. Lawless, who died February 21, 1972, or in the estate of Mae D. Lawless, who died March 27, 1973. While it is true, as the Referee found, that respondent rendered regular and substantial services to the estates until the latter part of 1974, he has not satisfactorily explained his neglect with respect to the estate tax returns. In May, 1975 respondent was advised that the administratrix of the estates had retained a Utica firm to be substituted as attorneys for the estates. On August 5, 1975, respondent and an associate of the Utica firm met with the Surrogate of Schoharie County at which time respondent agreed to file Federal and State estate tax returns and a fiduciary return in the estate of John A. Lawless by August 26, 1975, and to complete an accounting during the week of September 8, 1975. We find that respondent failed to fulfill the agreement within the time periods specified or at any time prior to April 7, 1976 when he turned the files in both estates over to the successor firm. In considering the sanction to be imposed for respondent's misconduct, we note in mitigation respondent's testimony that his actions and inactions resulted in part from the pressure of other work, ill health and the emotional upheaval caused by the knowledge that his professional conduct was under investigation. We also note that respondent was previously censured for neglecting an estate (*Matter of Wildove*, 40 AD2d 1042). Under all the circumstances, we conclude that respondent should be suspended for a period of three months. Respondent suspended for a period of three months, the date of suspension to be fixed in the order to be entered hereon. Mahoney, P. J., Sweeney, Staley, Jr., and Herlihy, JJ., concur.