### (February 2, 1982)

■ In the Matter of DANIEL B. TALLON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by this court on September 24, 1953. In this proceeding to discipline him for professional misconduct, petitioner moves to confirm in part and to disaffirm in part the report of the Judge to whom the issues were referred. Respondent requests that we confirm the findings which are favorable to him and disaffirm those which are unfavorable. The petition contains three charges. Charge No. 1 alleges that respondent neglected his client's claims for damages arising from an automobile accident. The hearing Judge sustained the charge in part, finding that respondent neglected the matter by permitting the Statute of Limitations to run on the claim for property damages and by failing to recover no-fault benefits after he undertook to do so. That part of the charge alleging neglect of the claim for bodily injury was rejected, the Judge finding that no such claim existed under the No-Fault Act since there was no showing that the personal injury was serious or that the medical expenses met the $500 threshold then found in subdivision 4 of section 167 of the Insurance Law. These findings are sustained by the evidence and should be confirmed. In partial mitigation of his misconduct, we note that respondent paid his client's medical bills and property damage, although all payments were not made until approximately five months later after his client had renewed her complaint against him with the local grievance committee and petitioner had assumed jurisdiction of the matter. Charge No. 2 alleges that respondent violated DR 1-102 (A) (4) and DR 6-102 (A) when he had his client execute a general release of all claims that she had against him for

malpractice without first advising her of the existence and nature of such claims and of her right to consult other counsel in connection therewith. The hearing Judge found that, in compromising his client's claims, respondent was guilty of a technical violation of DR 6-102 (A), but that there was no violation of DR 1-102 (A) (4), since he did disclose to his client that the Statute of Limitations had run on her claim for property damages. We confirm the finding that a technical violation of DR 6-102 (A) occurred. However, we cannot agree that respondent did not violate DR 1-102 (A) (4). An attorney has a professional duty to promptly notify his client of his failure to act and of the possible claim his client may thus have against him. After making such disclosure, withdrawing from the case and advising his former client of his right to retain other counsel, an attorney may then settle any claim that his former client has against him. (See NY State Bar Assn Comm on Professional Ethics, Opn No. 275 [1972].) Here we find that respondent violated DR 1-102 (A) (4) when he negotiated directly with his client and obtained a general release without first advising her (1) of the claim she had against him for malpractice in letting the Statute of Limitations run on her property damage claim, and (2) of her right to retain other counsel in connection with the matter. Charge No. 3 alleges that respondent has repeatedly engaged in conduct that has generated inquiries and resulted in the imposition of discipline in that, since 1973, he has been admonished and cautioned by petitioner and its predecessor on four occasions and privately censured by this court. In rejecting this charge, the hearing Judge concluded that since these matters have been investigated, heard and decided, they should not be included as a charge in this proceeding nor form the basis for additional sanctions. We agree that they should not be included as a separate charge and, therefore, we dismiss Charge No. 3. However, an attorney's prior misconduct may always be taken into consideration in determining an appropriate sanction for his subsequent misdeeds. (*Matter of Wildove,* 40 AD2d 1042, 1043.) Under all the circumstances, we determine that respondent should be suspended from the practice of law for a period of six months and thereafter until further order of the court. Respondent suspended for a period of six months, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.