In the Matter of ROZETTA D. McDOWELL, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, January 31, 1983

### APPEARANCES OF COUNSEL

*David E. Brennan* (*Gerard M. LaRusso* of counsel), for petitioner.

*Allen & O'Brien* (*J. Coyne O'Brien* of counsel), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted by order of the Appellate Division, Fourth Department, on July 9, 1975, and presently maintains an office for the practice of her profession in the City of Rochester.

The petition charges that from December 18, 1980 to August 6, 1981, while representing the administratrix of an estate, respondent received and collected, on behalf of the estate, approximately $160,000 which respondent deposited in the general trust account of the firm of King and McDowell, of which respondent was a partner. It is alleged

that between December, 1980 and November, 1981 some $31,000 was withdrawn from this trust account without authorization of the administratrix and deposited in the law firm's business account to meet the expenses of the law firm. Of this sum, $3,800 in unreferenced checks were executed by the respondent. In December, 1981 the funds were reimbursed to the estate with interest.

A second charge in the petition relates to respondent's representation of a client in the sale of real property wherein respondent deposited the proceeds of the sale ($7,142.97) in the firm's special trust account. A problem related to the closing arose for which respondent bore no fault, requiring the funds to be held in escrow for a three-month period. During this three-month period, the petition charges, the trust account which held these funds fell below the amount to which the client was entitled and below the sum of money to be escrowed. At the end of the escrow period the client received from respondent the full amount of money which he had coming from the sale of his property, and no complaint had been filed.

The third charge in the petition alleges that from December, 1980 to October, 1981 respondent issued 19 drafts against the law firm's trust account, totaling $20,300, which do not appear to be referenced to any client or purpose. These funds, it is charged, were placed in the law firm's general account and used to pay expenses and overhead of the law firm. The petition further alleges that, in spite of this invasion of the trust account, all clients received money when it was due to them from the trust account.

Respondent has admitted the allegations in the petition and, as noted, all clients received money when due to them, the various accounts having been made current long before the petition was filed.

Respondent is guilty of unprofessional conduct because she failed to properly identify and preserve funds of a client (see Code of Professional Responsibility, DR 9-102), because she commingled and converted her clients' funds (22 NYCRR 1022.5 [a]), and withdrew money from a fiduciary account for her own purposes before remittance had been given to the client (22 NYCRR 1022.5 [b]).

Respondent has been a reputable practitioner since her admission, a respected member of the community, and has co-operated fully and expeditiously with petitioner in resolving these charges.

Respondent should be suspended from the practice of law for a period of one year and until the further order of the court.

DILLON, P. J., HANCOCK, JR., DOERR, DENMAN and MOULE, JJ., concur.

Order of suspension entered.