■ In the Matter of WENDELL D. HARP, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Respondent was admitted to the practice of law by this court in 1966 and maintains an office in New Paltz, Ulster County.

Petitioner, the Committee on Professional Standards, by petition of charges and specifications dated December 5, 1990, accuses respondent of professional neglect and conversion of client funds. Respondent has admitted to the charges and specifications.

Charge I, in 24 specifications, accuses respondent of conversion of client funds in violation of Code of Professional Responsibility DR 1-102 (A) (4), (5) and (7) and DR 9-102 (A) and (B). Each of the 24 specifications cites a deposit in a certain amount in respondent's attorney escrow account on behalf of a named client and then specifies that from the date of deposit until a later date, or a date when the funds were distributed, the escrow account balance was continuously (and usually substantially) below the amount respondent was required to maintain in the account on behalf of his clients. For example,

specification 1 states that on April 11, 1988, respondent deposited $50,000 to his escrow account on behalf of client Tednick. Thereafter, from the date of deposit until on or about May 3, 1988 when the balance of these funds were distributed, respondent's account balance was continuously below the amount he was required to maintain on behalf of Tednick and other clients in an amount in excess of $45,000. Five of the numbered specifications also state that on October 19, 1989, respondent's escrow account actually had a negative balance of $76.49.

Charge II accuses respondent of neglecting to file income tax returns on behalf of a trust in violation of Code of Professional Responsibility DR 6-101 (A) (3). The single specification states that respondent was named trustee of the Nicodemus reversionary trust, that he failed to file fiduciary tax returns for said trust for the tax years 1985, 1986, and 1987 in a timely fashion, and that said returns were not filed until in or about June 1988.

In view of respondent's admissions, we find him guilty of the acts of professional misconduct set forth in the petition.

In determining an appropriate disciplinary sanction, we initially note that respondent has engaged in very serious misconduct by converting client funds. Although respondent apparently used the moneys to make loans to clients and friends rather than to directly enrich himself, any unauthorized use of client funds, regardless of motive, is totally unacceptable behavior for an attorney and must be condemned.

In addition to the lack of venal motive underlying his misconduct, respondent offers a number of other mitigating circumstances for our consideration. With respect to Charge I, respondent states that he has made restitution of all converted funds to the escrow account and that no client has suffered financial injury because of the conversions. With respect to Charge II, respondent claims he has paid all penalties and interest imposed for the tax years 1985 and 1986. Petitioner has not challenged these claims.

Respondent has been fully cooperative with petitioner and has enjoyed, until the present, an unblemished disciplinary record. He has also submitted a number of very laudatory character affidavits in mitigation of his misconduct which clearly demonstrate his stature as an attorney of impeccable reputation who has been most active in civic and community affairs over the years in New Paltz and its environs, notably

including service as Chairman of the Board of Trustees of Ulster County Community College. In addition, respondent seems genuinely remorseful for his misconduct and unlikely to jeopardize his clients' interests in the future. Finally, we note that although respondent made unauthorized loans of client funds, there is no indication that he ever intended to permanently deprive the clients of these funds.

On balance, and in view of respondent's heretofore unblemished record, the lack of injury to clients, the impressive character evidence and other mitigating circumstances evident from the record, we find that respondent should be suspended from the practice of law for a period of six months *(see, Matter of Smith,* 103 AD2d 889; *Matter of Miller,* 90 AD2d 618; *see also, Matter of Michaelis,* 92 AD2d 278; *Matter of McDowell,* 91 AD2d 282).

Respondent suspended from the practice of law for a period of six months and until further order of this court, the date of commencement to be fixed in the order to be entered hereon. Casey, J. P., Weiss, Mikoll, Levine and Crew III, JJ., concur.