■ In the Matter of MICHAEL H. ROSENBERG, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [596 NYS2d 564] —Per Curiam. Respondent was admitted to practice by this Court in 1976. He maintains an office for the practice of law in his home in Gansevoort, Saratoga County.

Petitioner, the Committee on Professional Standards, by petition dated August 19, 1992, accuses respondent of six charges of professional misconduct including conversion of client funds, failure to maintain an accurate ledger for his escrow account, commingling personal funds with the funds of his clients, neglect of several legal matters, attempting to limit his liability to a client for his professional malpractice, and failure to cooperate with petitioner in its investigation.

Respondent's answer denied the charges. After a hearing, at which the parties agreed upon a stipulation of exhibits and a stipulation of facts, the Referee found respondent guilty of the charged misconduct.

Petitioner moves to confirm the Referee's report. Respondent has made no reply to the motion.

We grant the motion and find respondent guilty of the serious professional misconduct charged in the petition. Re-

spondent technically converted clients' funds by using the funds of one or more clients to pay expenses on behalf of another client *(see, e.g., Matter of Harp,* 173 AD2d 957). There is no evidence the conversions were a result of venality or any attempt by respondent to enrich himself. Rather, he mishandled the funds. The mishandling of funds is also evidenced by his failure to maintain an accurate ledger for his escrow account (charge II) and his commingling of personal and client funds (charge III). The commingling occurred when respondent would advance funds to clients by funneling personal moneys through his escrow account to pay minor court fees and similar expenses. Respondent neglected a number of matters entrusted to him by his client Powers. Although some tension may have existed between respondent and Powers, the matters should have been fairly easily handled and, indeed, some were quickly resolved after petitioner began its investigation. Respondent attempted to settle a potential malpractice claim against him in a manner violating ethical standards *(see, e.g., Matter of Tallon,* 86 AD2d 897, 898). The Referee stated he believed that respondent did not intend to do wrong in trying to settle the potential claim, but simply did not understand he was violating the Code of Professional Responsibility. Lastly, respondent failed to timely answer petitioner's various inquiries causing petitioner to resort to subpoenas to force replies and disclosures. This lack of responsiveness continues to date, as evidenced by respondent's failure to reply to the instant motion.

Respondent's misconduct is aggravated by his prior disciplinary record. In April 1987, respondent was suspended for a period of six months for neglect of legal matters, failure to cooperate with petitioner's investigation, commingling client's funds in a single account with other office and personal funds, and technical conversions *(Matter of Rosenberg,* 129 AD2d 937). Prior thereto, in March 1986, respondent was censured for neglect of a real property matter and for failure to cooperate with petitioner's investigation of the complaint *(Matter of Rosenberg,* 118 AD2d 887). In addition, respondent has been admonished by petitioner on three occasions for similar misconduct, in 1982, 1983 and 1984.

As mitigating factors, the Referee found that respondent is truly repentant and is determined that he will not repeat the offenses. For the first time in respondent's long disciplinary history, he now raises the issue of alcoholism in mitigation. He does not attempt to use his alcoholism as an excuse but as an explanation. He also recognizes that alcoholism itself may

be symptomatic of an underlying disorder. It appears respondent recognized his alcoholism problem around the time of his examination under oath by petitioner in December 1991. Most importantly, he has taken steps to deal with the problem. He is actively participating in Alcoholics Anonymous and other therapy sessions and, on October 16, 1992, he agreed in writing to comply with the requirements of the recovery and monitoring program of the Lawyer Assistance Program of the New York State Bar Association.

In view of all of the above and in order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, we find that respondent should be suspended from practice for a period of one year. We further condition his reinstatement to practice upon submission of proof that he is continuing to take appropriate and effective steps to maintain his sobriety and to prevent a recurrence of the kinds of professional misconduct for which he has been and is being disciplined, including continuing compliance with the recovery and monitoring program of the NYSBA Lawyer Assistance Program. *(See, Matter of Rea,* 173 AD2d 955; *see generally,* Ochs, *Attorney Alcoholism and Substance Abuse—A Disciplinary Counsel's Viewpoint,* 64 NY St BJ 36 [1992]; Ogando, *Sanctioning Unfit Lawyers: The Need for Public Protection,* 5 Georgetown Journal of Legal Ethics 459 [1991].)

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Casey, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is hereby granted; and it is further ordered that pursuant to Judiciary Law § 90 (4) (f) and (g) respondent is hereby suspended from the practice of law for a period of one year, effective May 15, 1993; and until further order of this Court, with leave to apply for reinstatement after the expiration of said period upon furnishing satisfactory proof that during said period he has actually refrained from attempting to practice as an attorney and counselor-at-law, that he has complied fully with the provisions of section 806.12 (b) (22 NYCRR 806.12 [b]) of this Court's rules governing the conduct of attorneys, that he has taken and is continuing to take appropriate and effective steps to maintain his sobriety and to prevent a recurrence of the kinds of professional misconduct for which he has been and is being disciplined, including compliance with the recovery and monitoring program of the New York State Bar Association's Law Assistance Program, and that he has otherwise properly conducted himself during the period of his suspension; and it is further ordered, that for the period of suspension respondent be and hereby is com-

manded to desist and refrain from the practice of law in any form either as principal or agent, or as clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice with relation thereto; and it is further ordered, that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.