■ In the Matter of KENNETH G. ORVIS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. — Respondent was admitted to the Bar by this court on November 8, 1956. In this proceeding to discipline him for professional misconduct, petitioner moves to confirm the report of the referee to whom the issues were referred. Respondent opposes the motion. The petition contains four charges of professional misconduct. The referee sustained all charges, finding that respondent neglected two estates (charges I, II); technically converted funds due the legatees of one of the estates by failing to promptly make payments as promised (charge III); and failed to co-operate with petitioner in its investigation of three inquiries filed against him (charge IV). The evidence in the record supports the findings of the referee. Accordingly, petitioner's motion to confirm the report is granted. In determining the appropriate sanction to be imposed for respondent's misconduct, we note that the referee observed that the neglect of the estates initially resulted from respondent's inability to properly maintain a part-time

private practice while holding a part-time position as an attorney in the public sector. Recognizing this, respondent turned his private practice over to his father, who was also his partner, and thereafter assumed full-time employment in the public sector. Seven months later his father died. Instead of requesting his clients to seek other counsel, respondent unwisely attempted to conclude the estates in question and further neglect ensued. To add to respondent's problems during this period, there occurred a series of traumatic events in his life, including the serious illness of one of his daughters and the illness and untimely death of his only sister. We also note that respondent's misconduct consisted of acts of omission rather than commission and that there has been no misappropriation or misuse of estate funds. Finally, we note with approval that after the hearing before the referee, respondent placed a notice in a local newspaper advising the public of the closing of his law office in the City of Albany and his withdrawal from private practice because of his full-time employment as an attorney in the public sector. Under all the circumstances, we have concluded that the ends of justice will be adequately served in this instance by a censure. Respondent censured. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Casey, JJ., concur.