(May 17, 1989)

■ In the Matter of JAMES F. MILLS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. The Committee on Professional Standards charges respondent with neglcct of an estate, paying executor's commissions to the executor improperly, and conversion of estate funds. Respondent was admitted to practice by this court in 1945 and has maintained a law office in Fort Covington, Franklin County.

Respondent was the attorney for the estate of Mary J. Taillion, who died testate on May 15, 1977. Her estate consisted of a small checking account of $223.61 and a house in Fort Covington. The Franklin County Department of Social Services filed a lien against the estate on May 16, 1977, for $8,204.56 for medical and nursing home care provided to the decedent during the two years preceding her death. The house was sold on May 4, 1978 for $12,500; the estate also recouped $185.13 in tax apportionments through the sale. Decedent's will was admitted to probate on December 2, 1977.

Respondent admitted to the charges and specifications of professional misconduct, although he submitted factual affidavits in "mitigation and defense" as well as numerous character affidavits. On February 15, 1989, this court granted petitioner's motion for an order declaring that no factual issues were raised by the pleadings and fixing a time at which respondent might be heard in mitigation (22 NYCRR 806.5).

Charge I accuses respondent of neglecting the estate, which still awaits final settlement. Specifically, it relates that in April 1978 respondent sent the executor a petition in the inheritance tax proceedings for his signature and return. The executor did not sign or return the document. In August 1986, respondent sent the executor a second original petition for his signature and return and told the executor that upon respondent's receipt of the returned petition, respondent would forward the executor's fees; respondent sent the executor a check for the fees in September 1987. The gravamen of the charge is that from May 1978 until August 1986, and from the forwarding of the second original petition in August 1986 until September 1987, respondent neglected the estate. Because respondent admits charge I and the facts submitted by respondent in mitigation show, at best, sporadic contacts with the estate during the relevant time periods, we find respondent guilty of neglecting the estate. Nevertheless, we do acknowledge, as explained by respondent in mitigation, that

respondent was seriously ill during the summer of 1987, that the executor changed his address frequently, and that the executor's dealings with the respondent were strained and even hostile on occasion.

Charge II accuses respondent of violating Code of Professional Responsibility DR 1-102 (A) (4), (5) and (6) by paying executor's commissions to the executor without making application to the Surrogate for such payment, in violation of SCPA 2110. We dismiss this charge because SCPA 2110 concerns compensation of attorneys rather than executors and the citation thereto in the charge confused the issue and deprived respondent of adequate notice of the charge's import. In addition, it appears that it may have been the custom and practice in the Franklin County Surrogate's Court to allow payments such as attorney's fees without formal application therefor, other than implicitly in the final accounting. Finally, while charge II, in part, accuses respondent of "dishonesty, fraud, deceit or misrepresentation" the payment of executor's fees in this matter does not appear to involve any such misconduct.

Charge III accuses respondent of conversion of estate funds. The money recouped by the estate from the sale of the house, $12,685.13, was placed in respondent's trust account in May 1978. On September 25, 1984, respondent closed the account which at that time contained only $691.95. Respondent can account for the disbursement of only $3,122.93 in legitimate estate expenditures from his trust account between May 1978 and September 1984. Most importantly, the $8,204.56 which should have remained in the trust account to cover the DSS lien was not retained in the trust account. Respondent eventually paid the DSS lien on February 3, 1988, but presumably made the payment from his own funds and did so after he had become aware that the executor had complained to petitioner about respondent's handling of the estate. In view of these circumstances and respondent's admission to charge III, we find respondent guilty of the charge.

Respondent has committed serious acts of professional misconduct, namely neglect and conversion of client funds. We note that the neglect is mitigated somewhat by respondent's serious illness during the summer of 1987 and the fact that the executor lived out of State and frequently changed his address. We further observe that respondent eventually paid all estate debts, including the DSS lien.

In determining an appropriate disciplinary sanction, we note that respondent has apparently served his community

well during his legal career as a leader in various political, civic, business and church affairs there. His good reputation is attested to by the numerous character affidavits he has submitted from civic and community leaders. On the other hand, respondent has previously been admonished by petitioner for neglect in failing to keep accurate records and bank accounts in an estate; neglect in failing to effect a judicial settlement of said estate; and commingling moneys from an estate checking account.

More importantly, respondent has admitted to the conversion of funds which were held in his trust account for the benefit of others. Such misconduct, despite his assertion that the defalcation was never intended to be permanent, warrants strong condemnation by this court and the imposition of appropriate discipline.

In order to maintain the reputation of the Bar and deter similar misconduct, and after considering all of the factors previously mentioned, we conclude that respondent should be suspended from the practice of law for a period of one year.

Respondent suspended from the practice of law for one year, the date of commencement to be fixed in the order to be entered hereon. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.