(September 12, 1995)

■ In the Matter of R. BURR HUBBELL, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner. [631 NYS2d 193] —Per Curiam. Respondent was admitted to practice by this Court on June 2, 1987. He previously maintained a law office in the Village of Margaretville, Delaware County.

Pursuant to order of this Court dated January 23, 1995, respondent was suspended from practice, effective February 13, 1995, pending his compliance with a subpoena duces tecum issued by petitioner, the Committee on Professional Standards. The subpoena required respondent to appear for an examination under oath before the Committee on December 7, 1994, regarding four professional misconduct inquiries.

The Committee now moves for a default judgment on a petition dated March 9, 1995, which accuses respondent of six charges of professional misconduct. Respondent has not answered the petition or replied to the motion or otherwise appeared in response to them. The Committee has filed proof of service of the petition and motion, and proof by affidavit of the facts constituting the alleged misconduct. In view of such circumstances, we grant the Committee's motion. Respondent's silence is tantamount to an admission of the charges (see, e.g., Matter of Larson, 177 AD2d 852).

The petition and two prior letters of caution issued to respondent by the Committee demonstrate that, over the past few years, respondent has engaged in a pattern of client neglect. He has failed to complete matters for which he had been retained, has failed to maintain communications with his clients, and has, on occasion, misled them as to the status of their matters. When he moved to the Town of Geneva and closed his Margaretville practice, he abdicated his responsibilities to a number of clients specified in the petition. Respondent has evinced a disregard for his professional responsibilities as an attorney by not responding to the instant petition and subsequent default judgment motion. In addition, he has shown an unacceptable disrespect for the Committee by failing to cooperate with its investigation, and for this Court, by failing to complete an assigned appeal and ignoring a subpoena.

In order to protect the public, deter similar misconduct, and preserve the reputation of the Bar, we conclude that respondent should be disbarred (*see, e.g., Matter of Larson, supra*).

Cardona, P. J., Mercure, Crew III, White and Spain, JJ., concur. Ordered that petitioner's motion for a default judgment be and hereby is granted; and it is further ordered that respondent be and hereby is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent be and hereby is disbarred, effective immediately; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 (22 NYCRR 806.9) of the rules of this Court regulating the conduct of disbarred, suspended or resigned attorneys.