(January 31, 1996)

■ In the Matter of CHARLES F. PETROLAWICZ, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [637 NYS2d 228] —Per Curiam. Respondent was admitted to practice by this Court in 1980. He maintains an office for the practice of law in the Village of Endicott, Broome County.

We grant a motion by petitioner, the Committee on Professional Standards, to confirm a Referee's report sustaining six charges of professional misconduct against respondent set forth in a petition dated June 14, 1995.

Respondent was retained and paid $1,500 to institute a mortgage foreclosure action but failed to proceed. He falsely advised his client that the matter was progressing. He also failed to respond to numerous telephone calls and a certified letter from his client. Almost a year after the initial retainer, the client retained another attorney and requested the return of his file and the balance of the $1,500 retainer. Respondent complied. Respondent claims his neglect of the foreclosure matter and his later dissembling and avoidance of his client was caused by his loss of the file for a period of months.

Respondent prepared State and Federal income tax returns for a husband and wife for the tax year 1990. Following an Internal Revenue Service (hereinafter IRS) audit, respondent provided some documentation to support disputed deductions. The IRS nevertheless issued a deficiency notice in February 1993 indicating that these clients owed $1,125 due to the disallowance of certain deductions. Respondent advised the husband that they did not owe the sum and assured him he would handle the matter. Respondent took no action on the clients' behalf subsequent to February 1993 resulting in a levy on their bank accounts in June 1994. Other than assisting the clients in having the levy lifted, respondent took no action on their behalf with respect to the tax matter. Also, from February 1993 through August 1994, respondent repeatedly and falsely advised these clients that he was proceeding with their IRS matter. Respondent has entered an agreement with them to pay $1,018 representing interest and penalties on the taxes they owe and reimbursement of a $150 fee he improperly charged the wife in an unemployment insurance compensation matter.

Respondent represented the wife in July 1992 before the Unemployment Insurance Compensation Board. He accepted a $150 fee from her for the representation but had failed to make an application therefor, as required by Labor Law § 538 and 12 NYCRR 460.6 (d). Thus, acceptance of the fee violated the Code of Professional Responsibility DR 2-106 (22 NYCRR 1200.11). The Referee concluded that respondent was probably ignorant of the fee application requirement. Respondent also made assurances to the wife that he had proceeded with an appeal of the Board's adverse determination but he actually took no action in the matter. Respondent has made monetary amends to his clients.

Respondent admits neglect of client matters in violation of DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]; attempts to mislead and deceive his clients as to the status of their legal matters in violation of DR 1-102 (A) (4), (5) and (8) (22 NYCRR 1200.3 [a] [4], [5], [8]); and failure to maintain client communications in violation of DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]).

Respondent failed to inform the Office of Court Administration (hereinafter OCA) attorney registration unit, as required by section 118.1 of the Rules of the Chief Administrator, of a recent change in his home address and a change in his office telephone number. He has since so notified OCA.

Under the circumstances, we conclude that respondent should be censured (*see, e.g., Matter of Orvis*, 97 AD2d 590).

Cardona, P. J., Casey, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that respondent be and hereby is censured.