(June 28, 1996)

■ In the Matter of CHARLES F. PETROLAWICZ, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [645 NYS2d 131] —Per Curiam.

By supplemental petition dated February 5, 1996, the Committee on Professional Standards charged respondent with neglect of a divorce matter, failure to respond to numerous telephone calls from the client, failure to appropriately cooperate with petitioner's investigation of the client's complaint, and failure to comply with a directive from petitioner that he communicate with his client about the divorce matter.

Respondent has not answered the supplemental petition and petitioner moves for a default judgment. Respondent has not replied to the motion or otherwise appeared. Petitioner has filed proof of personal service of the petition upon respondent and proof by affidavit of the facts constituting the alleged misconduct. Under the circumstances, respondent is deemed to have admitted the charges and we grant petitioner's motion (see, e.g., Matter of Schlesinger, 201 AD2d 751).

Respondent was recently censured for neglect of two legal matters and failure to cooperate with petitioner's investigation of the alleged neglect (Matter of Petrolawicz, 223 AD2d 1000). Prior thereto, in 1992, petitioner cautioned him for neglecting an estate matter, commingling funds, a minor conversion of client funds, and failure to cooperate with petitioner. The censure decision found that respondent had neglected his representation of a husband and wife to whom the IRS had issued a deficiency notice. As mitigation, the decision noted that respondent had informed a Referee that he had entered into an agreement with the couple to pay them $1,018 representing interest and penalties on the taxes they owed and reimbursement of a $150 fee he improperly charged the wife in an unemployment insurance compensation matter. In its motion, petitioner questions whether this agreement was ever reduced to writing and indicates that the clients still await payment of the promised sum.

Respondent's prior disciplinary record, his apparent failure to make promised restitution to a client, and his disinterest in his fate as an attorney evidenced by his failure to respond to the supplemental petition or the instant motion, warrant his suspension from practice for a period of six months.

Cardona, P. J., Casey, Yesawich Jr., Peters and Spain, JJ.,

concur. Ordered that petitioner's motion be and hereby is granted and that respondent be and hereby is found guilty of the professional misconduct set forth in the supplemental petition; and it is further ordered that petitioner be and hereby is suspended from practice for a period of six months, effective 20 days from the date of this decision and order, and until further order of this Court; and it is further ordered that respondent be and hereby is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is hereby forbidden to appear as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another of an opinion as to the law or its application, or of any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred, suspended or resigned attorneys.