(September 17, 1997)

■ In the Matter of MICHAEL H. ROSENBERG, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [661 NYS2d 888] —Per Curiam. Respondent was admitted to practice by this Court in 1976. He was suspended for a period of one year by decision dated April 15, 1993 (Matter of Rosenberg, 192 AD2d 871) and has not applied for reinstatement.

Respondent has not answered or otherwise appeared in response to a petition of charges dated May 8, 1997, nor to a subsequent default judgment motion by petitioner, the Committee on Professional Standards. The petition and motion were personally served upon him. Petitioner has filed proof by affidavit of the facts constituting the alleged misconduct. Under such circumstances, we deem the charges admitted and grant petitioner's motion (*see, e.g., Matter of Schlesinger*, 201 AD2d 751).

According to charge I, respondent prepared divorce papers for a former client while he was suspended from practice and accepted a $500 fee for such service, in violation of our order of suspension, the Code of Professional Responsibility DR 1-102 (A) (4), (5) and (8) (22 NYCRR 1200.3 [a] [4], [5], [8]), and Judiciary Law § 486. Respondent also failed to reply to two letters from petitioner investigating such misconduct, in violation of DR 1-102 (A) (5) and (8) (charge III). Finally, as alleged in charge II, respondent has failed to comply with the attorney registration requirements (*see*, Judiciary Law § 468-a; 22 NYCRR 118.1) since 1991, in violation of DR 1-102 (A) (5).

Respondent's misconduct is aggravated by his disciplinary record and his lack of response in this proceeding, the latter evincing his disinterest in his fate as an attorney. In addition to his current suspension, respondent was suspended for six months in 1987 (*Matter of Rosenberg*, 129 AD2d 937), censured in 1986 (*Matter of Rosenberg*, 118 AD2d 887), and admonished by petitioner three times, in 1982, 1983, and 1984.

In view of the circumstances presented, we conclude that respondent should be disbarred.

Cardona, P. J., Mercure, White, Peters and Carpinello, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he is forbidden to appear as attorney and counselor-at-law before any court, Judge, Justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of section 806.9 of the rules of this Court (22 NYCRR 806.9) regulating the conduct of disbarred attorneys.