◾ In the Matter of GARY W. PATTERSON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [726 NYS2d 877] —Per Curiam. Respondent was admitted to practice by this Court in 1994.

A petition of charges accuses respondent of having engaged in illegal conduct prejudicial to the administration of justice adversely reflecting on his fitness as a lawyer, in violation of this Court's attorney disciplinary rules (*see,* Code of Profes-

sional Responsibility DR 1-102 [a] [3]-[5], [7] [22 NYCRR 1200.3 (a) (3)-(5), (7)]). The specifications state that respondent was convicted following a jury trial in the Superior Court of Justice of the Province of Ontario, Canada, of multiple offenses relating to conduct in 1997. It appears that respondent, *inter alia*, kidnapped a woman and compelled her to engage in prostitution for his financial benefit. He was sentenced to seven years' imprisonment and is presently incarcerated in Canada.

Respondent has not answered or otherwise responded to the petition of charges nor to petitioner's subsequent motion for a default judgment, both of which were personally served upon respondent in prison. Under such circumstances, respondent is deemed to have admitted the charges and we grant the motion. Further, based on such admission and the proof by affidavit submitted by petitioner in support of its motion, we find respondent guilty of the charged professional misconduct (*see, e.g., Matter of Petrolawicz*, 228 AD2d 1005).

Based on his conviction of serious criminal conduct, we conclude that respondent should be disbarred.

Mercure, J. P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see*, 22 NYCRR 806.9).