(March 29, 2004)

◾ In the Matter of Michael S. McGrady, an Attorney, Respondent. Committee on Professional Standards, Petitioner. [773 NYS2d 619]—

Per Curiam. Respondent was admitted to practice by this

Court in 1975 and maintained an office for the practice of law in Sullivan County.

Respondent is the subject of an investigation by petitioner and tenders his resignation from the bar in an affidavit in compliance with this Court's rules (*see* 22 NYCRR 806.8). Petitioner advises that it has no objection to the resignation. We accept respondent's resignation and order his disbarment.

In his affidavit, respondent admits that he misappropriated client funds from his attorney IOLA account and failed to deposit client funds in the account. Respondent acknowledges that he had no right to remove these funds and does not contest the allegations of professional misconduct. He agrees to make full and complete restitution to all injured parties. Therefore, we also direct respondent to cooperate with petitioner, who shall consult with the Lawyers' Fund for Client Protection, in the prompt formulation of an appropriate restitution order or orders that petitioner shall submit for entry pursuant to Judiciary Law § 90 (6-a) (e) (*see e.g. Matter of Finley*, 300 AD2d 738 [2002]).

Mercure, J.P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that respondent's resignation application submitted in accordance with this Court's rules is accepted (*see* 22 NYCRR 806.8); and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as an agent, clerk or employee of another; he is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, board, commission or other public authority or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent is directed to cooperate with petitioner in the prompt formulation of an appropriate restitution order or orders which petitioner shall submit for entry pursuant to Judiciary Law § 90 (6-a) (e); and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).