■ In the Matter of GARY LUCAS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [793 NYS2d 255]—

Per Curiam. Respondent was admitted to practice by this Court in 1973 and maintains a law office in the Village of Watkins Glen, Schuyler County.

Petitioner charges respondent with neglecting a real estate matter (*see* Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), failing to honor an escrow agreement (*see* DR 1-102 [a] [5], [7]; DR 9-102 [22 NYCRR 1200.3 (a) (5), (7); 1200.46]), converting funds received on behalf of his clients (*see* DR 1-102 [a] [4], [5], [7]; DR 9-102 [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46]), failing to properly title the checks on his attorney escrow account (*see* DR 9-102 [b] [2] [22 NYCRR 1200.46 (b) (2)]), failing to maintain complete and accurate records for his attorney escrow account (*see* DR 1-102 [a] [5], [7]; DR 9-102 [c], [d] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (c), (d)]), and failing to cooperate with petitioner (*see* DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]). Respondent has admitted the charges and has appeared in mitigation.

In his submission in mitigation, respondent has acknowledged that for the past several years he has allowed shortages of over $50,000 to develop in his escrow account and that said amount was just recently replaced thereby making the account whole. He contends that these shortages were the result of poor bookkeeping by a former employee. However, the record reflects that numerous checks were written on the escrow account made payable to respondent even though no remuneration was then due and payable. In addition, there were numerous withdrawals from the account without timely corresponding deposits.

Under the circumstances, we conclude that respondent should be suspended from the practice of law for one year, effective 20 days from the date of this decision, and until further order of the Court (*see e.g. Matter of Mills*, 150 AD2d 903 [1989]). We further direct respondent to cooperate with petitioner, which shall consult with the Lawyers' Fund for Client Protection in the prompt formulation of an appropriate restitution order or orders that petitioner shall submit for entry pursuant to Judiciary Law § 90 (6-a) (*see e.g. Matter of McGrady*, 5 AD3d 975 [2004]).

Mercure, J.P., Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that respondent is found guilty of the charges and specifications set forth in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that respondent is directed to cooperate with petitioner, which shall consult with the Lawyers' Fund for Client Protection in the prompt formulation of an appropriate restitution order or orders that petitioner shall submit for entry pursuant to Judiciary Law § 90 (6-a); and it is further ordered that respondent,

for the period of his suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).