■ In the Matter of JONATHAN E. WHITE, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [800 NYS2d 801]—

Per Curiam. Respondent was admitted to practice by the Appellate Division, First Department in 1995 and maintains an address in Queens County.

Respondent has not answered or otherwise replied to a petition of charges or to petitioner's subsequent motion for a default judgment, both of which were served upon him pursuant to this Court's June 10, 2005 order (*see* CPLR 308 [5]). Under the circumstances, respondent is deemed to have admitted the charges and we grant petitioner's motion (*see e.g. Matter of Petrolawicz*, 228 AD2d 1005 [1996]). Further, based on such admission and the proof submitted by petitioner in support of its motion, we find respondent guilty of the charged misconduct, all of which occurred while respondent maintained a law office in this Department.

The petition charges respondent with neglect of clients' cases in violation of 22 NYCRR 1200.30 (a) (3); failure to comply with the rules governing domestic relations matters in violation of 22 NYCRR 1200.11 (c) (2) (ii) and (f) and part 1400; failure to communicate with his clients in violation of 22 NYCRR 1200.3 (a) (5); failure to promptly return clients' property in violation of 22 NYCRR 1200.46 (c) (4); failure to adequately supervise his office staff in violation of 22 NYCRR 1200.5 (c); having engaged in conduct prejudicial to the administration of justice and adversely reflecting upon his fitness as an attorney in violation of 22 NYCRR 1200.3 (a) (5), (7); and failure to cooperate with

petitioner in violation of 22 NYCRR 1200.3 (a) (5). Petitioner has attached 57 exhibits to its default judgment motion which establish each of the charges set forth in the petition. Petitioner further advises that it issued a letter of admonition to respondent in August 2000 for engaging in frivolous conduct resulting in court sanctions and a letter of caution in June 2004 for failing to comply with the rules in matrimonial cases.

Respondent has evinced a disregard for his fate and responsibilities as an attorney by not responding to the instant petition and subsequent default judgment motion. In addition, he has failed to cooperate with petitioner in its investigation. In order to protect the public, deter similar misconduct and preserve the reputation of the bar, we conclude that respondent should be disbarred (*see e.g. Matter of Hubbell*, 219 AD2d 755 [1995]; *Matter of Larson*, 177 AD2d 852 [1991]).

Crew III, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is disbarred from the practice of law, effective immediately, and until further order of this Court; and it is further ordered that, for the period of disbarment, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and he hereby is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).