■ In the Matter of GARY LUCAS, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [821 NYS2d 481]—

Per Curiam. Respondent was admitted to practice by this Court in 1973 and resides in Ontario County.

By decision dated April 14, 2005, this Court suspended respondent from the practice of law for a period of one year (*Matter of Lucas*, 17 AD3d 856 [2005]). The decision directed respondent to cooperate with petitioner in the prompt formulation of an appropriate restitution order (*id.* at 857).

By petition dated May 30, 2006, petitioner charges that respondent violated this Court's suspension order and failed to cooperate with petitioner to formulate the appropriate restitution order (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]), failed to comply with the rules of this Court (*see* DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]), converted funds received on behalf of his clients (*see* DR 1-102 [a] [4], [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (4), (5), (7); 1200.46 (a)]), neglected matters entrusted to him (*see* DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]), failed to cooperate with petitioner in its investigation (*see* DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]), failed to provide clients with a statement of client's rights and written retainer (*see* DR 2-106 [c] [2] [ii] [22 NYCRR 1200.11 (c) (2) (ii)]; 22 NYCRR part 1400), and failed to provide a client with fee dispute information in a domestic relations matter in which a fee dispute arose (*see* DR 1-102 [a] [5], [7]; DR 2-106 [e] [22 NYCRR 1200.3 (a) (5), (7); 1200.11 (e)]; 22 NYCRR parts 137, 1400]).

Respondent has not answered the petition or otherwise appeared in response to the charges and the subsequent motion for default judgment by petitioner, although both were personally served upon him. Petitioner has filed an affidavit in support of the default motion and charges. Under the circumstances, respondent is deemed to have admitted the charges and we therefore grant the motion (*see e.g. Matter of Petrolawicz*, 228 AD2d 1005 [1996]).

Respondent has a lengthy disciplinary history which includes letters of admonition and caution and the one-year suspension. Respondent has evinced a disregard for his professional responsibilities as an attorney by not responding to the instant motion. In addition, he has shown a wholly unacceptable disregard for petitioner and this Court's prior order by continually failing to cooperate with its investigations and its attempts to formulate an appropriate restitution order, and failing to appear in this proceeding.

In order to protect the public, deter similar conduct and preserve the reputation of the bar, we conclude that respondent should be disbarred (*see Matter of Hubbell*, 219 AD2d 755 [1995]).

Mercure, J.P., Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).