■ In the Matter of EDWARD F. CRUMB, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [854 NYS2d 681]—

Per Curiam. Respondent was admitted to practice by the Appellate Division, Fourth Department, in 1981. He maintains a law office in the City of Binghamton, Broome County.

Respondent has not answered or otherwise replied to a peti-

tion of charges or to petitioner's subsequent motion for a default judgment, both of which were personally served upon him. In support of its motion, petitioner has filed proof by affidavit of the facts constituting alleged misconduct. Under the circumstances, respondent is deemed to have admitted the charges and we grant petitioner's motion (*see e.g. Matter of Lucas*, 32 AD3d 1150 [2006]). Further, based on such admission and the proof submitted by petitioner, we find respondent guilty of the charged misconduct.

In violation of the attorney disciplinary rules as charged and specified in the petition (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]), respondent failed to cooperate with petitioner's investigation of two inquiries. He thereafter failed to appear as directed by petitioner to be orally admonished for his failure to cooperate (*see* 22 NYCRR 806.4 [c] [1]).

We conclude that respondent's misconduct warrants his suspension until further order of this Court. We again emphasize the Court's expectation that attorneys will provide complete cooperation with petitioner in its investigation of alleged misconduct. The failure to do so constitutes misconduct in and of itself and will be met with the imposition of discipline by this Court (*see Matter of Feit*, 156 AD2d 810, 811 [1989]).

Cardona, P.J., Carpinello, Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct set forth in the petition; and it is further ordered that respondent is suspended from the practice of law, effective 20 days from the date of this order, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of the Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).