In the Matter of WILLIAM P. SULLIVAN, JR., a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [859 NYS2d 494]—

Per Curiam. Respondent was admitted to practice by this Court in 1968. He resides in the City of Ithaca, Tompkins County.

By decision dated December 7, 2006, this Court suspended respondent from the practice of law for a period of six months (*Matter of Sullivan*, 35 AD3d 955 [2006]). He has not applied for reinstatement and remains suspended to date.

By petition dated December 19, 2007, petitioner charged that respondent neglected a client matter, failed to provide the required notice of his suspension, failed to file an affidavit of compliance as required (*see* 22 NYCRR 806.9 [f]), failed to return client property, and failed to cooperate with petitioner in its investigation. Respondent has not answered the petition, which was personally served on him.

Petitioner now moves for a default judgment. Respondent has not replied to or appeared in response to the motion, which was duly served upon him. Petitioner has filed proof, by affidavit, of the facts constituting the alleged misconduct. Under such circumstances, respondent is deemed to have admitted the charges and petitioner's motion is granted (*see e.g. Matter of Petrolawicz*, 228 AD2d 1005 [1996]).

Respondent has a lengthy disciplinary record, including four letters of admonition issued by petitioner from 1987 to 1996, a two-year stayed suspension by this Court in 1998 (*Matter of*

*Sullivan*, 253 AD2d 999 [1998]), an extension of the stayed suspension to three years in 1999 (*Matter of Sullivan*, 264 AD2d 544 [1999]), an oral admonition by petitioner in 2000, a termination of the stayed suspension in 2003 (*Matter of Sullivan*, 307 AD2d 642 [2003]), and his current six-month suspension based upon a plea of guilty in federal court to four counts of willful failure to pay income taxes in violation of 26 USC § 7203 (*Matter of Sullivan*, 35 AD3d 955 [2006], *supra*).

We conclude that respondent should be disbarred to protect the public, deter similar misconduct, and preserve the reputation of the bar (*see e.g. Matter of Lucas*, 32 AD3d 1150 [2006]; *Matter of White*, 21 AD3d 1179 [2005]; *Matter of Rosenberg*, 242 AD2d 829 [1997]). His current misconduct shows an unacceptable disrespect for this Court's rules, and his default in this proceeding evinces a disinterest in his fate as an attorney.

Cardona, P.J., Mercure, Peters, Spain and Rose, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).