■ In the Matter of LISA TANG, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [865 NYS2d 145]—

Per Curiam. Respondent was admitted to practice by this Court in 1985. She previously maintained an office for the practice of law in Albany County.

Respondent has not answered or otherwise replied to a petition of charges or to petitioner's instant motion for a default judgment, both of which were personally served upon her. In support of its motion, petitioner has filed proof by affidavit of the facts constituting the alleged misconduct. Under the circumstances presented, respondent is deemed to have admitted the charges and we grant petitioner's motion (*see Matter of Crumb*, 50 AD3d 1310 [2008]; *Matter of Petrolawicz*, 228 AD2d 1005 [1996]). Further, based on such admission and the proof submitted by petitioner, we find respondent guilty of the charged misconduct.

In violation of the disciplinary rules, respondent engaged in

conduct prejudicial to the administration of justice, which adversely reflected on her fitness as a lawyer (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7] [22 NYCRR 1200.3 (a) (5), (7)]). Specifically, with respect to a bankruptcy client, respondent failed to provide zealous and competent representation, failed to communicate with the client, and failed to comply with Bankruptcy Court rules. Respondent's misconduct resulted in sequential Bankruptcy Court orders (which she failed to answer or comply with) directing her to disgorge her fee and pay a monetary sanction, holding her in contempt of court, suspending her indefinitely from practice in Bankruptcy Court, and referring the matter to petitioner. Respondent also failed to cooperate with petitioner's investigation (*see* Code of Professional Responsibility DR 1-102 [a] [5] [22 NYCRR 1200.3 (a) (5)]) and neglected a legal matter entrusted to her (*see* Code of Professional Responsibility DR 6-101 [a] [3] [22 NYCRR 1200.30 (a) (3)]).

Respondent's misconduct is aggravated by her disciplinary record for similar violations, including two admonishments issued by petitioner, and a 2005 censure by this Court (*Matter of Tang,* 21 AD3d 1210 [2005], *appeal dismissed and lv denied* 6 NY3d 750 [2005]). Furthermore, respondent's failure to respond to the petition of charges and the instant default judgment motion demonstrates a disregard for her fate as an attorney.

Under the circumstances presented, we conclude that respondent should be suspended from the practice of law for a period of two years.

Mercure, J.P., Rose, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct charged and specified in the petition; and it is further ordered that respondent is hereby suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court; and it is further ordered that respondent, for the period of her suspension, is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority; or to give to another an opinion as to the law or its application, or any advice with relation thereto; and it is further ordered that respondent shall comply with the provisions of the Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).