■ In the Matter of BARRY D. SACK, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [902 NYS2d 444]—

Per Curiam. Respondent was admitted to practice by this Court in 1974. He maintains an office for the practice of law in the City of Hudson, Columbia County.

Respondent has admitted the charges detailed in the petition and we have heard him in mitigation. As set forth in the petition, we find that respondent issued a check against insufficient funds from his attorney escrow account in 2008 in violation of former Code of Professional Responsibility DR 1-102 (a) (5) and (7) and DR 9-102 (a) (22 NYCRR 1200.3 [a] [5], [7]; 1200.46 [a]), which resulted in a dishonored check notice pursuant to 22 NYCRR part 1300; converted funds received on behalf of clients and third parties by allowing the balance in his escrow account to fall below the balance he was required to maintain on behalf of his clients (from January through August 2009 with shortages ranging from $30,590 to $85,700), by making disbursements from his escrow account on behalf of 15 clients and third parties totaling $2,578 in excess of the amounts he held on deposit for those clients and third parties (from February 2007 through July 2009), by making 89 disbursements from his escrow account totaling $367,379 which cleared the account before the corresponding deposits were credited to the account (from January 2007 through February 2009), and disbursing nine checks from his escrow account on behalf of seven clients and third parties totaling $1,623 without a corresponding deposit (from February 2007 through May 2009) in violation of former Code of Professional Responsibility DR 1-102 (a) (5) and (7) and DR 9-102 (a) (22 NYCRR 1200.3 [a] [5], [7]; 1200.46 [a])

and Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a) and 8.4 (d) and (h); failed to maintain complete and accurate records for his attorney escrow account in violation of former Code of Professional Responsibility DR 1-102 (a) (5) and (7) and DR 9-102 (c) and (d) (22 NYCRR 1200.3 [a] [5], [7]; 1200.46 [c], [d]) and Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (c) and (d) and 8.4 (d) and (h); and issued a check made payable to cash from his attorney escrow account that cleared the account in June 2007 and that, under the circumstances presented, constituted a technical violation of former Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]).*

According to respondent, his misconduct is solely due to an accumulation of errors over many years in his bookkeeping and record-keeping practices. However, the abysmal nature of respondent's records makes it impossible to verify or refute his contention. In mitigation, we note that the charges do not allege conduct involving dishonesty, fraud, deceit or misrepresentation (*see* former Code of Professional Responsibility DR 1-102 [a] [4] [22 NYCRR 1200.3 (a) (4)]; Rules of Professional Conduct [22 NYCRR 1200.00] rule 8.4 [c]). Nor, on this record, is there any evidence that any client lost any money or was otherwise financially harmed. Further, respondent appears to have a good professional and personal reputation in his community. He served as Hudson City Court Judge for many years. Respondent's disciplinary history consists of a letter of admonition issued by petitioner to respondent in 1995.

In determining an appropriate disciplinary sanction, we take this opportunity to emphasize that the keeping of complete and accurate records of attorney escrow accounts as required by the Rules of Professional Conduct is the linchpin upon which this Court, clients and the public must rely to assure the preservation of funds belonging to clients or other persons in a lawyer's possession (*see e.g.* Rules of Professional Conduct [22 NYCRR 1200.00] rule 1.15).

Under all of the circumstances presented, we conclude that respondent's misconduct warrants his suspension from the practice of law for a period of one year, in order to protect the public, deter similar misconduct, and preserve the reputation of the bar (*see e.g. Matter of Lucas*, 17 AD3d 856 [2005]).

---

* Charges one and four involve conduct occurring before April 1, 2009, the effective date of the Rules of Professional Conduct as promulgated as joint rules of the Appellate Divisions. Charges two and three involve conduct occurring before and after April 1, 2009. The Rules of Professional Conduct supersede the former Code of Professional Responsibility.

Mercure, J.P., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that respondent is found guilty of the charges set forth in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).