■ In the Matter of CHARLENE MORISSEAU, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [909 NYS2d 676]—

Per Curiam. Respondent was admitted to practice by the Appellate Division, Second Department in 2005. She resides in West New York, New Jersey.

Petitioner charges respondent with having engaged in conduct prejudicial to the administration of justice and reflecting

adversely on her fitness as an attorney, with having engaged in criminal conduct prejudicial to the administration of justice and reflecting adversely on her fitness as an attorney, and failure to cooperate with petitioner (see Code of Professional Responsibility DR 1-102 [a] [3], [5], [7] [22 NYCRR 1200.3 (a) (3), (5), (7)]).* The three charges arise from the same occurrence. In October 2005, respondent went to the Clerk's office at the Appellate Division, Second Department and asked for a copy of her application for admission file. She engaged in inappropriate conduct at the office, resulting in her arrest and her being charged with obstruction of governmental administration and disorderly conduct. The two charges of disorderly conduct are still pending in the Criminal Court of the City of New York, Kings County (see People v Morisseau, 19 Misc 3d 59 [2008]). The failure to cooperate charge results from her failure to timely respond to a Chief Attorney's inquiry by petitioner.

After a hearing on June 23, 2010, at which respondent did not appear although she was on notice of same, the Referee sustained the charges and recommended that she be suspended from the practice of law. The Referee described respondent's conduct at the Second Department Clerk's office as "explosive and inexplicable" and criticized her unsubstantiated racist accusations that she leveled at the Second Department Clerk during the incident and in papers she has filed since that time. She has also made similar unsubstantiated accusations against this Court. The Referee recommended respondent's suspension from the practice of law in view of her "irresponsible if not irrational conduct."

Petitioner now moves to confirm the Referee's report, and we grant the motion. We find without merit the jurisdictional and other arguments that respondent has made in her papers, including in her response to the instant motion.

In order to protect the public, deter similar misconduct, and preserve the reputation of the bar, we determine that the appropriate disciplinary sanction for respondent's serious misconduct is suspension from the practice of law for a period of one year.

Cardona, P.J., Peters, Spain, Stein and McCarthy, JJ., concur. Ordered that petitioner's motion to confirm the Referee's report is granted; and it is further ordered that respondent is hereby found guilty of the professional misconduct as charged and specified in the petition; and it is further ordered that respon-

---

* The misconduct preceded the promulgation of the Rules of Professional Conduct by the Appellate Divisions, effective April 1, 2009 (see 22 NYCRR part 1200).

dent is suspended from the practice of law for a period of one year, effective in 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).