(August 25, 2011)

■ In the Matter of AARON R. ANDERSON, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [928 NYS2d 645]—

Per Curiam.

By decision dated October 28, 2010, this Court suspended respondent from the practice of law, effective in 20 days, pending his full compliance with a subpoena duces tecum and until further order of this Court (*Matter of Anderson*, 77 AD3d 1277 [2010]).

By petition dated April 13, 2011, petitioner charged that respondent engaged in the practice of law while suspended and also failed to cooperate with petitioner's investigation of allegations. Respondent has not answered or otherwise replied to the petition of charges or to petitioner's instant motion for a default judgment, both of which were personally served upon him. In support of its motion, petitioner filed proof by affidavit of the facts constituting the alleged misconduct. Under the circumstances presented, respondent is deemed to have admitted the charges and we grant petitioner's motion (*see e.g. Matter of Tang*, 55 AD3d 941, 941 [2008]). Further, based on such admission and the proof submitted by petitioner, we find respondent guilty of the charged misconduct.

In determining an appropriate disciplinary sanction, we especially note the following. Respondent has allowed misconduct allegations against him to remain unresolved, is suspended from the practice of law for failure to comply with a pending subpoena duces tecum requiring him to appear at a hearing, has appeared in law offices and courts on behalf of clients subsequent to the effective date of his suspension from practice and in derogation of the authority of petitioner and this Court and this Court's rules and the Judiciary Law, and has failed to cooperate with petitioner's investigation of his appearances on behalf of clients (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]; Judiciary Law § 486; 22 NYCRR 806.9). Also, petitioner has issued two letters of caution to respondent in the past few years. In order to protect the public, deter similar misconduct and preserve the reputation of the bar, we conclude that respondent should be disbarred.

Mercure, J.P., Spain, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found

816

guilty of the professional misconduct as charged and specified in the petition; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).