■ In the Matter of KEVIN A. DAYTON, an Attorney. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [942 NYS2d 378]—

Per Curiam. Respondent was admitted to practice by this Court in 1999 and maintains an office for the practice of law in the City of Cortland, Cortland County.

Respondent has not answered or otherwise replied to a petition of charges or to petitioner's subsequent motion for a default judgment, both of which were personally served upon him. In support of its motion, petitioner has filed proof by affidavit of the facts constituting the alleged misconduct. Under the circumstances, respondent is deemed to have admitted the charges, and we grant petitioner's motion (*see e.g. Matter of Tang*, 55 AD3d 941 [2008]). Further, based on such admission and the proof submitted by petitioner, we find respondent guilty of the charged misconduct.

In violation of the attorney disciplinary rules as charged and specified in the petition, respondent neglected a client matter, failed to communicate with the client and failed to cooperate with petitioner's investigation of the inquiry (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [b]; 1.4 [a] [4]; 8.4). He thereafter failed to appear as directed by petitioner to be orally admonished (*see* 22 NYCRR 806.4 [c] [1] [ii]).

Respondent's misconduct is aggravated by his disciplinary record, which includes a 2010 letter of admonition for similar misconduct. Furthermore, respondent's failure to respond to the petition of charges and the instant default judgment motion demonstrates a disregard for his fate as an attorney.

Under the circumstances, we conclude that respondent should be suspended from the practice of law for a period of two years.

Peters, P.J., Mercure, Malone Jr., McCarthy and Egan Jr., JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct set forth in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form either as principal or agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).