■ In the Matter of STEVEN U. TEITELBAUM, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [952 NYS2d 907]—

Per Curiam. Respondent was admitted to practice by this Court in 1976. He maintains an office for the practice of law in the hamlet of Slingerlands, Albany County.

Respondent has not answered or otherwise replied to a petition of charges or to petitioner's subsequent motion for a default judgment, both of which were personally served upon him. In support of its motion, petitioner has filed proof by affidavit with supporting exhibits of the facts constituting the alleged professional misconduct. Under such circumstances, respondent is deemed to have admitted the charges, and we grant petitioner's motion (see e.g. Matter of Dayton, 94 AD3d 1329 [2012]). Further, based on such admission and the proof submitted by petitioner, we find respondent guilty of the charged misconduct.

In violation of the attorney disciplinary rules as charged and specified in the petition, respondent neglected a client matter, failed to communicate with a client, engaged in unprofessional, discourteous and vulgar conduct towards an attorney, failed to cooperate with petitioner in an investigation of his conduct and failed to account to his client for work performed and remit funds belonging to a client (see Rules of Professional Conduct [22 NYCRR 1200.0] rules 1.3 [b]; 1.4, 8.4 [d]; 1.15 [c] [4]). Respondent's misconduct is aggravated by his disciplinary record, which includes three prior letters of caution and a 2012 letter of admonition, all for similar misconduct. Furthermore, respondent's failure to respond to the petition of charges and the instant default judgment motion demonstrates a disregard for his fate as an attorney.

We conclude that, in order to protect the public, deter similar misconduct and preserve the reputation of the bar, respondent should be suspended from the practice of law for a period of two years (see e.g. Matter of Dayton, Matter of Tang, 55 AD3d 941 [2008]).

Mercure, J.P., Rose, Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct set forth in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form either as principal or agent, clerk or employee of another; and respon-

dent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).