Per Curiam.
Respondent was admitted to practice by the Second Department in 2005 and reportedly resides in West New York, New Jersey.
By decision dated November 4, 2010, this Court suspended respondent from the practice of law for a period of one year (Matter of Morisseau, 78 AD3d 1321 [2010]). Her subsequent motion to vacate that suspension was denied. Since 2011, she has failed to comply with the attorney registration requirements. Petitioner now charges that respondent, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b), (d) and (h), engaged in conduct that adversely reflects on her honesty, trustworthiness or fitness as a lawyer, which conduct is prejudicial to the administration of justice by forwarding a series of hate-filled, threatening and defamatory emails concerning a federal judge to an attorney investigating her conduct.
Respondent has not answered the petition or otherwise appeared in response to the charges or the subsequent motion for a default judgment by petitioner, although both were served upon her in compliance with the rules of this Court. Petitioner has filed an affidavit in support of the default motion and charges. Under the circumstances, respondent is deemed to have admitted the charges and we therefore grant the motion (see e.g. Matter of Teitelbaum, 100 AD3d 1142, 1143 [2012]; Matter of Dayton, 94 AD3d 1329 [2012]).
Respondent has a turbulent disciplinary history that includes the one-year suspension issued by this Court and the issuance of an order indefinitely precluding her from appearing before a federal court (In re Morisseau, 763 F Supp 2d 648 [SD NY 2011]). Respondent has evinced a disregard for her professional responsibilities and a disinterest in her fate as an attorney by not responding to the instant motion or appearing in this proceeding (see Matter of Sullivan, 51 AD3d 1266, 1267 [2008]).
Under the circumstances and in order to protect the public, *1169 deter similar conduct and preserve the reputation of the bar, we conclude that respondent should be disbarred (see e.g. Matter of Anderson, 87 AD3d 815 [2011]; Matter of Perry, 85 AD3d 1443 [2011]; Matter of Sullivan, 51 AD3d at 1267]).
Lahtinen, J.E, Stein, McCarthy and Rose, JJ., concur.
Ordered that petitioner’s motion for a default judgment is granted; and it is further ordered that respondent is found guilty of the professional misconduct set forth in the petition of charges; and it is further ordered that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority or give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).