██ In the Matter of MARSHALL A. COURTNEY, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [999 NYS2d 599]—

Per Curiam. Respondent was admitted to practice by this Court in 1989. He maintains an office for the practice of law in the City of Kingston, Ulster County.

By petition of charges dated September 10, 2014, containing three charges of professional misconduct, with specifications, petitioner charged respondent with neglecting the cases of two separate clients (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.3 [b]), failing to properly communicate with those clients (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.4) and failing to cooperate with petitioner's investigation of his conduct with respect to those clients (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Petitioner has filed proof that the petition was personally served upon respondent.

Following respondent's failure to file an answer, petitioner moved for a default judgment, which motion was also personally served. Respondent has not appeared in reply to petitioner's motion. Respondent's failure to answer or appear is tantamount to an admission of the charges. Based on such admission and the proof submitted by petitioner in support of the default judgment motion, we grant petitioner's motion and find respondent guilty of the professional misconduct charged and specified in the petition (*see e.g. Matter of Teitelbaum*, 100 AD3d 1142, 1143 [2012]; *Matter of Dayton*, 94 AD3d 1329 [2012]).

Respondent's misconduct in abandoning two clients and failing to cooperate in petitioner's investigation is aggravated by his disciplinary record for similar violations, which includes two admonishments and a letter of caution issued by petitioner (*see Matter of Tang*, 55 AD3d 941, 942 [2008]). Furthermore, respondent's failure to respond to both the petition of charges and the subject motion seeking a default judgment demonstrates a disregard for his fate as an attorney (*see Matter of Teitelbaum*, 100 AD3d at 1143). Accordingly, upon consideration of all the relevant circumstances presented, we conclude that respondent should be suspended from the practice of law for a period of two years (*see e.g. id.; Matter of Dayton*, 94 AD3d at 1330; *Matter of Tang*, 55 AD3d at 942).

Stein, J.P., Garry, Egan Jr., Lynch and Clark, JJ., concur. Ordered that petitioner's motion for a default judgment is granted; and it is further ordered that respondent is found guilty of professional misconduct as set forth in the petition of charges; and it is further ordered that respondent is suspended from the practice of law for a period of two years, effective 20 days from the date of this decision, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* Rules of the App Div, 3d Dept [22 NYCRR] § 806.9).